14963

McCUEN v. SOVEREIGN CAMP, W. O. W.

(5 S. E. (2d), 449)

March, 1938.

46

*Messrs. Watkins & Prince,* for appellant,

*Mr. Leon W. Harris,* for respondent,

November 7, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This Court is satisfied of the correctness of the result of the decree of the learned trial Judge in this case.

A reformation of the contract of insurance in this case would amount to a cancellation of fifty (50%) per cent. of the insurance. Reformation—an extraordinary equitable remedy—is thus asked in the face of the fact that when the insured was requested to agree to the reformation, either by paying the increased premium or submitting to a reduction in the amount of the insurance, he failed and refused to accept either alternative. And yet, in the face of such failure and refusal on the part of the insured, the insurer continued to accept the monthly premium which it knew was paid to it upon the insistence of the insured that he had $2,000.00 of insurance.

When appellant under these circumstances continued to accept premiums at the monthly rate of Three and 84/100 ($3.84) Dollars from February, 1936, the date at which it knew there had been a mistake on its part in calculating the amount of the premium, until the death of the insured (March, 1937), without instituting an action to have the contract of insurance reformed, and without offering to restore the insured's status as of the time (June 22, 1920) of the last increase in the monthly premium on the policy of insurance, it was some evidence that appellant waived the right to reform the contract of insurance, and especially as against the beneficiary. The letter of C. J. Hanrahan, field auditor of appellant, to the insured, of date March 6, 1936, lends color to evidence of waiver, because in this letter it is stated:

"Your position when I saw you was that you would not give up the certificate which you now hold and that you would not pay a higher rate. The Secretary's letter of February 6th. did not contemplate this situation and I am unable to say whether or not they will continue to accept your payments of installments on $1,000 while holding the certificate issued in error for $2,000.00.

"Therefore I am sending to the Home Office a copy of this letter, all of which is subject to their approval; and I

am referring the matter to their further attention. Sovereign Dunlap will soon receive further information and instructions from them and I trust that this regrettable error will soon be adjusted to our mutual satisfaction."

This case is decided under its own peculiar facts and is not to be construed as a deviation from the general rule of law governing the reformation of instruments which by mistake do not correctly reflect the agreement. The excellent brief filed on behalf of appellant correctly states as a general rule the law applicable to the reformation of instruments of writing which by mistake do not reflect the agreement; and that an instrument may in a proper case be reformed as between privies, as well as between the original parties.

We venture to suggest that the observation of the trial Judge in reference to Section 57, Subsection 7, of the constitution and by-laws of appellant should be enlarged upon so as to read: "This provision is not applicable, because it applies only in the case of a misstatement of age," *or error as to age.*

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.

MR. JUSTICE BONHAM (concurring in result):

I concur in the result of the main opinion upon the grounds that there was no mutual mistake at the inception of the contract, and there is no allegation nor proof of fraud.